Crew, C. J.
The soie controversy between the parties hereto is as to who is entitled to receive the rent arising from certain real estate purchased by the testator, Robert Masters, after he had made and executed his last will and testament. The amount of the rent — -six hundred and fifty-one dollars — arising from said property is not in dispute, and it is admitted that Mary Masters, widow of testator, in her lifetime collected and appropriated said rent to her own use, she claiming the right thereto, as devisee of a life estate in said after-acquired property, under the will of her deceased husband. Upon the record now before us one of the questions presented is: Did this real property acquired and purchased by Robert Masters after the making and execution of his last will and testament, by force of the provisions of said will, *312 pass to and become the property of Mary Masters for and during her natural life? We are clearly of opinion that this must be answered in the negative. It is well known that at common law a testator could transmit by devise only such lands as were owned by him at the time of executing his will, and after-acquired real property was not permitted to pass by testamentary devise unless, after the acquisition of such property; there was' a re-publication of the testator’s will. This rule of the common law has, however, been so far modified by statute in this state that' property acquired by a testator subsequent' to the execution of his will, shall pass thereby, if, from the will itself, it shall appear with sufficient clearness that such was the intention of the testator. Section 5969, Revised Statutes, provides that: “Any estate, right or interest in lands * * * acquired by the testator after the making of his will shall pass thereby in like manner as if held or possessed at the time of making the will, if such shall clearly and manifestly appear by the will to have been the intention of the testator.” The language of this statute clearly indicates its limitation, and shows it to have been the purpose of the legislature to restrict its operation to those cases where the intent of the testator to pass after-acquired property is clearly and sufficiently disclosed in his will. Hence, in every instance the question involved becomes one of construction, and the intent of the testator must be sought in the will itself. The will under consideration in the present case makes no reference whatever in any of its provisions to after-acquired property. The property therein devised by item one to Mary Masters during her life is defi *313 nitely designated and specifically described, and there is in the provisions of said will no hint or suggestion anyjvhere of a purpose on the part of the testator to give her more than the property thus specifically described. This will contains no residuary clause, and there is in it no clause, either general or specific, under which the property in controversy would or could pass to Mary Masters as devisee, even if the testator had owned the same at the time he executed said will. While the presumption is,- where one has made a will, that he did not intend to die intestate as to any part of his property, yet this presumption against partial intestacy neither requires nor authorizes the court to make for the testator a new will, or to include in the will made by him property not comprehended by its terms. It is, however, insisted by counsel for plaintiff in error in his brief, that the language employed in item three of this will, taken and considered in connection with the other provisions thereof, show it to have been the intention of testator .that his wife, Mary Masters, should take by said will all the real property of which he should die possessed; but by what logic such conclusion is, or may be, properly reached, we are not told. Item third reads as follows: “I do hereby nominate and appoint my wife executrix without bond of this my last will and testament, hereby authorizing and empowering her to compromise, adjust, release and discharge in such manner as she may deem proper the debts and claims due me; I do also authorize and empower her, if it shall become necessary in order to pay my debts, to sell by private sale or in such manner, upon such terms of credit or otherwise, *314 as she may think proper, all or any part of my real estate and deeds to purchasers to execute, acknowledge and deliver in fee simple.” This provision, while it confers upon Mary Masters as executrix the power to sell part or all of testator’s real estate if necessary to pay debts, does not purport to give to her any title to, interest in, or control over said real estate, except such as may be necessary to the proper execution of the power so conferred. We. are, therefore, upon a consideration of all the provisions of the will of said Robert Masters, of opinion that Mary Masters, his widow, did not, under the devise to her in said will, take any title to the property described in plaintiffs’ petition which was acquired by testator subsequent to the execution of his will. It follows therefore necessarily, that as devisee, she was not entitled to collect and receive the rents and profits arising therefrom. As to the second defense pleaded — estoppel—there being no conflict or dispute in the evidence introduced at the trial upon this issue, the question here presented becomes one of law, and without now attempting to review or discuss this evidence at length, we think it sufficient to say upon this branch of the case, that assuming as established every fact which this evidence tends to prove, it wholly fails to sustain or make out the defense pleaded.

Judgment of the circuit court reversing the judgment of the court of common pleas affirmed, and final judgment entered for defendants in error.

Summers, Spear, Davis, Shauck and Price, JJ., concur.